## JAMES R. HEARN *vs.* MARY RALPH.

If a justice state the cause of action to be on an account, it is sufficient, without setting out the account.

The parties may refer a case before a justice, to referees of their own choosing, and judgment may be entered on their report.

If a man join his wife with him in a suit before a justice, the Court will intend, after judgment, that it was for the debt of the wife, dum sola.

It seems, that in such case, the wife might make oath against the defendant's freehold.

If a stay of execution be claimed on the ground of freehold, the fact of the defendant being a freeholder, must appear from the record.

It seems, that freehold is a privilege that must be *claimed*, otherwise it will be taken to be *waived*, and an execution may issue.

CERTIORARI to Justice Hearn. Record returned, to wit:

Gideon Ralph and wife vs. James R. Hearn. Account, demanded $49 37½. Summons issued 19th August 1834, to Constable J. W. Moore, returnable 30th August. Summons returned. Parties appear, and refer the case to Cyrus C. Windsor, John Polk and Thomas W. Ricords; after being duly summoned and sworn by Nathaniel Hearn, do report on this 27th day of September 1834, and say, that the defendant is justly indebted to the plaintiff, in the sum of $25 00 with costs of suit; and further, if the said James R. Hearn will give up to the said Ralph and wife, one bed and stead, all the carpenter's tools, and all the bed clothes, and all the turkeys and chickens, or as many as the said James R. Hearn got of them, then this judgment shall be fully satisfied:—therefore judgment is for the plaintiff, 27th day of September 1834, for debt $25 00, and costs, &c. March 9th 1835, Mary Ralph appears and makes oath in due form of law that she was in danger of losing her debt. March 9th 1835, execution issued to Constable Ricords, returnable 1st June next.

Exceptions. 1st. That the account or cause of action was not set forth. 2d. That it did not appear at whose instance the trial was referred, nor that the justice *appointed* the freeholders. 3d. That there were not proper parties to the action. 4th. That the judgment was not absolute but only conditional, and it does not appear that the condition has not been performed. 5th. That the execution was irregular "for that Mary Ralph could not make or take the oath required" by the act of assembly.

*The Court* overruled all the exceptions :—

1st. The action is stated to have been on an account. The justice had therefore jurisdiction. The account itself is a part of the evidence, and need not be set out on the record. 2d. Either party may claim a trial by freeholders, and on such claim the justice shall *appoint* them. But the parties may also, by mutual consent, refer the case to referees of their own choosing, and a judgment rendered on their report would be good, provided they were appointed by the justice and regularly sworn. This appears from the record, to have been the proceeding in the present case.

3d. The suit may have been for a debt due to the wife dum sola, to recover which it was proper to join the wife, and the Court will intend this after judgment. 4th. The judgment entered by the justice was an absolute judgment for $25 00 and costs. It might be discharged by complying with the condition mentioned by the referees, but this compliance must be shown affirmatively. 5th. The act directs a stay of execution for six months in the case of a freeholder, unless he shall waive his privilege, or unless the plaintiff, or one of them (if several,) *or some credible person*, shall make oath or affirmation that he, (or she) has good ground to apprehend, and does verily believe, that if the stay of execution for six months be allowed, the sum due by the judgment will be lost. The record in this case does not show, and the exceptions do not suggest, that the defendant was a freeholder. The strong inclination of the Court was, that the privilege of freehold must be claimed ; otherwise, how is the justice to know whether the defendant is a freeholder. The act requires the first process against a freeholder to be a summons. But it was decided in New Castle county, that where the defendant was taken on a capias and went into a trial without pleading his freehold, he could not afterwards object to the original writ. The Court also intimated an opinion that if an oath were necessary in this case, Mary Ralph would be a *credible person* within the provisions of the act competent to make it.

*Harrington,* J. thought that the fact of Mrs. Ralph making oath, and the proceedings of the justice in taking it, showed that the defendant was a freeholder. This oath would be taken as the proper one, if the justice had merely certified that it was in due form of law; but he goes further, and states what the oath was, and shows that it was not such as is required by the law. It should, additionally, have been reduced to writing and signed. He also doubted whether the wife of a party, though properly joined with him in an action, could legally do any separate act. Judgment affirmed.

*Layton* for plaintiff in Certiorari.
*Wootten* for defendant.